1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10

GUILLERMO GUERRERO,

11

      Plaintiff,

                            No. C 18-02379 WHA

12

  v.

13

COUNTY OF ALAMEDA, ALAMEDA
COUNTY SHERIFF'S DEPARTMENT,

14

THE SHERIFF OF THE ALAMEDA
COUNTY SHERIFF'S DEPARTMENT,

15

GREGORY J. AHERN, DEPUTY SHERIFF G.
STEVENS; and DOES 1 through 10, Inclusive,

16
17

      Defendants.

                                     /

**ORDER DENYING
PETITION FOR RELIEF
AND GRANTING COUNTY
OF ALAMEDA AND
GREGORY J. AHERN'S
MOTION TO DISMISS**

18
19

**INTRODUCTION**

20

     In this excessive-force case, plaintiff petitions for an order that his state claims are in

21

compliance with Section 910 of the California Government Code, or in the alternative an order

22

relieving him from Section 945.4. Additionally, two defendants seek to dismiss all claims

23

against them. For the reasons herein, the plaintiff's petition for relief is **DENIED** and the

24

defendants' motion to dismiss is **GRANTED**.

25

**STATEMENT**

26

     In August 2017, an airport traffic officer issued a traffic ticket to plaintiff Guillermo

27

Guerrero for parking in a ten-minute loading zone while waiting to pick up his wife from the

28

Oakland International Airport. Plaintiff subsequently complained to the officer that he had not

1   parked for more than ten minutes.  The officer then called over Alameda County Deputy

2   Sheriff Stevens.  Deputy Stevens asked plaintiff for a "high-five" and then grabbed and twisted

3   plaintiff's right arm.  As a result, plaintiff needed orthopedic surgery, physical therapy, and

4   occupational therapy (Guerrero Decl. ¶¶ 1–2).

5           Later in August 2017, plaintiff went to the Alameda County Sheriff's Department to

6   present a government tort claim.  The Sheriff's Department gave plaintiff a citizen's complaint

7   form.  In February 2018, plaintiff received correspondence from the Sheriff's Department

8   stating that Deputy Stevens did in fact use excessive force.  After receiving the notice, plaintiff

9   realized he had filled out a citizen's complaint form instead of a government tort claim form

10  (*id.* ¶ 3).  By then, the six-month statute of limitations to bring a government tort claim had

11  already elapsed under Section 945.4 of the California Government Code.

12          On April 20, 2018, plaintiff filed herein a petition under Section 946.6 of the California

13  Government Code, asking for relief from the statute of limitations governing claims brought

14  under the Government Claims Act.  A May 31 order treated the petition as an excessive force

15  claim under Section 1983 of Title 42 of the United States Code and directed plaintiff to

16  promptly serve the summons and a new complaint on all defendants.  On June 6, plaintiff filed

17  the summons and new complaint and served all defendants.  Plaintiff now files a new petition

18  for an order that he is in substantial compliance with Section 910 of the California Government

19  Code, or in the alternative for relief under Section 946.6 of the California Government Code.

20  Additionally, defendants the County of Alameda and Gregory J. Ahern, the elected Sheriff of

21  Alameda County and supervisor of defendant Deputy Sheriff Stevens, move to dismiss the

22  claims against them.

### ANALYSIS

23

24  **1.      REQUEST FOR SUBSTANTIAL COMPLIANCE UNDER 910
        AND PETITION FOR RELIEF UNDER 946.6 DENIED.**

25
        Before a claimant can sue a public entity or public employee for money damages under

26
    state law for actions taken within the scope of the person's employment, he or she must file a

27
    government claim pursuant to the California Government Claims Act, codified at Section 810

28

2

of the California Government Code. *See Harlow v. Cty. of Riverside*, No. CV 06-55518,

2008 WL 4472934 (9th Cir. Oct. 6, 2008); *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969).

Section 910 dictates what a valid claim against a public entity must contain, including a description of the occurrence and the injury endured. (This does not, of course, apply to claims for relief under Section 1983.)

Personal injury claims must be filed within six-months after the accrual of the cause of action. If they are not, then leave to present a late claim may be requested under Section 911.6. If that leave is denied, then a claimant may petition for relief from the requirements of Section 945.4, which states:

> Except as provided in Sections 946.4 and 946.6, no suit for money
> or damages may be brought against a public entity on a cause of
> action for which a claim is required to be presented . . . until a
> written claim therefor has been presented to the public entity and
> has been acted upon by the board, or has been deemed to have
> been rejected by the board.

Section 946.6 allows claimants to petition for relief from the claim requirements of Section 945.4.

Plaintiff now petitions for relief either through substantial compliance with Section 910 of the California Government Code or through relief under Section 946.6.

### A.    Claim Not in Substantial Compliance.

Plaintiff fails to show that his claim substantially complied with Section 910. In order for a claim to substantially comply with the claim requirements, it must be presented to the designated claim recipient under Section 915 of the California Government Code. *See DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal. 4th 983, 986 (2012); *Flock v. Cty. of Alameda*, No. CV 12-01003, 2012 WL 4051120, at *2–3 (N.D. Cal. Sept. 13, 2012) (Magistrate Judge Nathanael M. Cousins). Plaintiff fails to show compliance with this requirement. Section 915(a) of the California Government Code sets forth the procedure for claims presentation to a local public entity, which includes the defendants in this case. The section provides:

> a) A claim, any amendment thereto, or an application to the public
> entity for leave to present a late claim shall be presented to a local
> public entity by either of the following means:

3

(1) Delivering it to the clerk, secretary or auditor thereof.

(2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.

California courts construing the section explain that: "included in the [Government] Claims Act [is] what amounts to a requirement that one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public entity employer pursuant to the procedure for claims against public entities." *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 612–13 (1991). No form was every given to anybody except a citizen's complaint form. This order does not reach the legal question of whether using a citizen's complaint form was legally equivalent to using a government tort claim form. Instead, this order holds that plaintiff delivered the form to the wrong person. The statute requires it to be delivered to the County Clerk, but instead he took it to a different department all together, the Sheriff's Department.

Plaintiff argues that he has shown substantial compliance with the California Government Claims Act under Section 915(e) even if he has not under 915(a) because his citizen's complaint form given to the Sheriff's Office put defendants on notice (Reply Br. 4). Section 915(e) allows for compliance if the form is received by the Clerk, even if plaintiff did not personally deliver it. Section 915(e), however, states that the claim requirement is only met if it is *actually received* by the clerk, secretary, auditor, or board of the local public entity. The requirements of Section 915(a) and (e), which delineate the parameters of substantial compliance, have not been met. The burden is on the claimant to prove actual notice, and the evidence provided does not do so. *Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1215 (E.D. Cal. 2010) (Judge Anthony W. Ishii). The California Supreme Court, in *DiCampli-Mintz*, has underscored the necessity of strict compliance with the claim presentment requirements set forth in Section 915 of the Government Code. 55 Cal. 4th at 986. Our state supreme court explained that "even if the public entity has actual knowledge of facts that might support a claim, the claims statute must still be satisfied." Any allegations of defendants' awareness of plaintiff's complaint form are immaterial under the statute. Plaintiff provides no allegations, supporting facts, or case law in the complaint to demonstrate that the form was delivered to or actually received by the proper clerk, secretary,

4

auditor, or governing body. In this case, the County of Alameda Board of Supervisors would serve as the correct governing body. Our court of appeals has not addressed this specific issue, but this order holds that Section 915 refers to the *County* clerk, secretary, auditor, or governing body in the context of defendants County of Alameda, County Sheriff's Department, County Sheriff, and County Deputy Sheriff. Plaintiff's citizen's complaint was submitted to the Internal Affairs department of the Alameda County Sheriff's Office, not to the Clerk of the Alameda County Board of Supervisors. Plaintiff has presented no facts indicating that his complaint form was ever *actually received* by the Clerk's office.

Section 950.2 of the California Government Code states "that a cause of action against a public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred unless a timely claim has been filed against the employing public entity." *Fowler v. Howell*, 42 Cal. App. 4th 1746, 1750 (1996). As such, any civil action against a public entity or employee, in this case the County of Alameda and its employees, is barred for failure to present a timely claim due to a lack of substantial compliance. Accordingly, this order **DENIES** the petition.

**B.      This Court Does Not Have Jurisdiction Over 946.6 Petitions.**

Plaintiff petitions for relief under California Government Code Section 946.6 should his substantial compliance argument be denied. As this order denies the substantial compliance argument, the request for relief must be addressed.

The statute of limitations contained in Section 945.4 of the California Government Code applies to suits for money damages brought against a public entity. Plaintiff contends that he meets the requirements enumerated in Section 946.6, which allows claimants to petition for leave to file a claim after the statute of limitations has run. Section 946.6 states, however, that "[t]he proper court for filings the petition is a *superior* court that would be a proper court for the trial of an action on the cause of action to which the claim relates." (Emphasis added.)

Federal district courts do not have the authority to grant the relief requested in plaintiff's motion, instead plaintiff needs to file the petition in a California Superior Court. Cal. Gov. Code § 946.6.

1   Our court of appeals has not interpreted Section 946.6, but the majority of district courts

2   in this circuit interpret the provision as referring only to state superior courts, not federal district

3   courts. *See Hill v. City of Clovis*, No. C 11-1591, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9,

4   2012) (Judge Anthony W. Ishii); *Maximo v. San Francisco United Sch. Dist.*, No. C 10-3533,

5   2011 WL 1045292 (N.D. Cal. Mar. 21, 2011) (Magistrate Judge James Larson); *Hickenbottom*

6   *v. City of San Rafael*, No. C 10-2025, 2010 WL 4009434, at *2 (N.D. Cal. Oct. 13, 2010)

7   (Judge Susan Illston); *Ludavico v. Sacramento County*, No. C 08-1473 2009 WL 616868 (E.D.

8   Cal. Mar. 11, 2009) (Judge Frank C. Damrell, Jr.); *Ovando v. City of Los Angeles*, 92 F. Supp. 2d

9   1011 (C.D. Cal. 2000) (Judge Gary Allen Feess).  This order concurs with the majority opinion

10  that a petition for relief from Section 945.4 must be filed in a California Superior Court.  This is

11  true regardless of plaintiff's Section 1983 claims.

12  The district court decisions that held differently did so based on language in

13  Section 946.6 that has since been amended. *See Perez v. City of Escondido*, 165 F. Supp. 2d

14  1111 (S.D. Cal. 2001) (Magistrate Judge Anthony J. Battaglia).  Prior to 2002, the language of

15  Section 946.6 did not include the term "superior" and instead stated that the proper court for

16  filing need only be "a court" which would be a competent court for the trial of an action on the

17  cause of action.  The legislature adopted the term "superior" in 2002. *Hill*, 2012 WL 787609,

18  at *12.  The only post-2002 decision that did not interpret "superior" to refer only to California

19  Superior Courts relied on *Perez* in making its conclusion. *See Rahimi v. AMTRAK*,

20  No. C 08-4712, 2009 WL 1883756, at *4 (N.D. Cal. June 30, 2009) (Magistrate Judge

21  Maria-Elena James).  The state claims against all defendants are therefore **DISMISSED** and a

22  petition for relief may be filed in superior court.

23  **2.  MOTION TO DISMISS.**

24  Defendants County of Alameda and Sheriff Ahern move to dismiss all state and federal

25  claims against them (Dkt. No. 15).

26  **A.  State Claims Against County of Alameda
        And Sheriff Ahern Dismissed**.

27

28  Defendants move to dismiss the state claims on the grounds that, among other things,

plaintiff failed to substantially comply with the California Government Clams Act.  Plaintiff

6

contends that he did substantially comply.  In federal court, failure to allege facts which

demonstrate or excuse compliance with the California Government Claims Act subjects state law

claims to dismissal.  *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.

1995).  As this order finds, plaintiff did not substantially comply with Section 910 of the

California Government Code and this Court does not have jurisdiction to address a petition for

relief under Section 946.6.  The state claims for relief of battery, negligence, violation of Civil

Code Section 52.1, and assault against defendants County of Alameda and Sheriff Ahern are

**DISMISSED** on procedural grounds.  These procedural faults are unrelated to the Section 1983

claims.

### B. Federal Claims Against County of Alameda And Sheriff Ahern Fail to State Sufficient Facts.

To state a claim under Section 1983 of Title 42 of the United States Code, the complaint

must show that a person acting under color of state law committed the conduct at issue and

that the conduct deprived the plaintiff of some right, privilege, or immunity protected by the

Constitution or laws of the United States."  *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir.

1988).  FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Although in order to state a claim a complaint does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do.  Factual allegations must be enough to raise a right to relief above the

speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S 544 (2007).

### *(1) Entity Liability Under Section 1983.*

Plaintiff contends that the County of Alameda failed to adequately train its officers

in the use of force and the protection of the substantive and procedural due process rights of

individuals.  Plaintiff argues that as such, the County violated his Fourth and Fourteenth

Amendment rights.

Local governing bodies can be sued directly under Section 1983 only where the alleged

unconstitutional conduct is the result of an official policy, pattern, or practice.  *Monell v. New*

*York City Dept. Social Servs.*, 436 U.S. 658, 691 (1978).  Here, the only constitutional claims

1    that remain are plaintiff's Fourth and Fourteenth Amendment claims against Sheriff Ahern,

2    Deputy Sheriff Stevens, and the County Sheriff's Department.  Plaintiffs must show a sufficient

3    causal connection between the enforcement of the municipal policy or practice and the violation

4    of their federally protected right.  *City of Canton v. Harris*, 489 U.S. 378 (1989).  Rigorous

5    standards of culpability and causation must be applied to ensure that the municipality is not held

6    liable solely for the actions of its employees.  *Bd. of the Cnty. Comm'rs. of Bryan Cnty. v.*

7    *Brown*, 520 U.S. 397, 405 (1996).  "Liability for improper custom may not be predicated on

8    isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency

9    and consistency that the conduct has become a traditional method of carrying out policy."

10   *Monell*, 436 U.S. at 691.

11          Guerrero's complaint fails to allege sufficient facts to state a *Monell* municipal liability

12   claim against the County of Alameda.  The complaint merely states in a conclusory manner

13   that the County failed to adequately train, supervise, and control their officers in the use of

14   force and in protecting the substantive and procedural rights of individuals and suspects (Compl.

15   ¶ 48).  Our court of appeals has made clear the Supreme Court's requirement that plaintiffs

16   plead facts showing a plausible right to relief applies with equal force to *Monell* liability claims.

17   *A.E. ex rel. v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  Our court of appeals states that,

18   "[i]n the past, our cases have not required parties to provide much detail at the pleading stage

19   regarding . . . policy or custom . . . municipal liability under Section 1983 [was] sufficient to

20   withstand a motion to dismiss even if the claim [was] based on nothing more than a bare

21   allegation that the individual officers' conduct conformed to official policy, custom, or practice."

22   *Ibid.*  Since *Iqbal*, that standard no longer stands.  Our court of appeals has clarified that "the

23   factual allegations that are taken as true must plausibly suggest an entitlement to relief, such

24   that it is not unfair to require the opposing party to be subjected to the expense of discovery

25   and continued litigation.  This standard applies to *Monell* claims and should govern future

26   pleadings . . . ."  *Id*. at 637.

27          As far as is alleged, the incident was an isolated one and not the result of an ongoing

28   policy, pattern, or practice.  There are no facts alleged that support plaintiff's contention that

8

1  the purported policy, pattern, or custom was so persistent and widespread that it became a

2  traditional method of carrying out policy. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.

3  1996). Plaintiff states that defendant Deputy Sheriff Stevens has a history of violating people's

4  civil rights, but alleges no facts supporting this claim nor supporting that it is part of a broader

5  policy. In *Sullivan v. City of Berkeley*, No. CV 17-06051, 2018 WL 489011, at *7 (N.D. Cal.

6  Jan. 19, 2018), for example, the undersigned judge found that a complaint describing twelve

7  separate instances was sufficient to state a plausible practice or custom. The complaint here does

8  not meet such a threshold. The complaint here contains a fact pattern more analogous to

9  *Cardenas v. Cty. of Alameda*, No. CV 16-05205, 2017 WL 1650563 (N.D. Cal. May 2, 2017),

10  where the undersigned judge determined the plaintiffs' claim to be insufficient to show a well

11  settled custom when plaintiffs alleged that Alameda County engaged in a widespread custom of

12  allowing repeated acts of excessive force, without any other factual support.

13  Lastly, plaintiff alleges that the County failed to properly train its employee.

14  Inadequate training claims require plaintiff to show deliberate indifference to a constitutional

15  right. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010). The complaint

16  does not sufficiently state how the County's training policy meets the high standard of deliberate

17  indifference. In *Cardenas*, the undersigned judge addressed training as well, "[o]ther than

18  conclusory allegations, plaintiffs fail to show that the County had a training policy that amounted

19  to deliberate indifference." 2012 WL 1650563, at *4. We should not sustain an allegation

20  devoid of supporting facts.

21  Plaintiff cites Section 815.2 of the California Government Code for the contention

22  that a public entity is liable for injury caused by the act of an employee, but this code pertains

23  to government torts and not Section 1983 claims. It is therefore an inapplicable argument to the

24  claim for relief under entity liability.

25  No viable *Monell* claim exists within the fact pattern and as such the seventh claim for

26  relief, directed against the County of Alameda for entity liability, must be **DISMISSED.**

27

28

### (2)     Fourth Amendment Claim.

Plaintiff's fifth claim for relief fails to state sufficient facts to support a Fourth Amendment violation by defendant Sheriff Ahern, and therefore is insufficient to show that he violated plaintiff's rights. Beyond the specific proscription of excessive force, the Fourth Amendment generally proscribes unreasonable intrusions on one's bodily integrity. *Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir. 2001). Guerrero alleges that he was deprived of his civil rights to be free from excessive force, detention, and arrest (Compl. ¶ 42). The alleged facts demonstrate no personal involvement by defendant Sheriff Ahern. Section 1983 creates a claim for relief based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *Vance v. Peters*, 87 F.3d 987, 991 (9th Cir. 1996). Vicarious liability is inapplicable to Section 1983 suits. Plaintiff must plead that each official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff asserts that Sheriff Ahern negligently or willfully employed defendant Stevens, but this does not support any constitutional violation by Sheriff Ahern. The complaint provides no causal link between the alleged negligent hiring and the deprivation of constitutional rights. Plaintiff fails to provide any facts that Sheriff Ahern was personally involved in the constitutional deprivation, there was a sufficient causal connection between defendant's conduct and the constitutional deprivation, or the defendant implemented a constitutionally deficient policy. *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). Supervisor liability under Section 1983 exists when the supervisor was personally involved or there is a sufficient causal connection. *Ibid.* In *Starr*, our court of appeals ruled a supervisor claim satisfied the standard of FRCP 8(a), but there the claim made detailed allegations that went well beyond reciting the elements of a claim of deliberate indifference. *Id.* at 1216. The complaint in *Starr* alleged numerous incidents and that the Sheriff was given notice of each, far from the bare assertions present here. Though the claim need not be probable, it must allege factual allegations beyond legal conclusions. Plaintiff alleges no facts to support a claim under such pretenses. The fifth claim for relief against defendant Sheriff Ahern for violations of plaintiff's

1    Fourth Amendment rights must be **DISMISSED**.  (This does not speak to the claim against

2    defendant Stevens or the Alameda County Sheriff's Department.)

3                    *(3)      Claim for Relief Under Fourteenth Amendment*
                           *Violation of Section 1983–Substantive*
4                           *And Procedural Due Process.*

5         To state a procedural due process claim, a plaintiff must plead facts showing:

6    (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest

7    by the government; and (3) lack of process.  *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904

8    (9th Cir. 1993).  The complaint is factually devoid of any process available or denied by

9    Sheriff Ahern and is insufficient to support a procedural due process claim.  As such, the sixth

10   claim for relief against Sheriff Ahern fails to state a valid claim.  As stated above, vicarious

11   liability is inapplicable to Section 1983 suits.  *Iqbal*, 556 U.S. at 676.

12        Plaintiff further alleges that defendants deprived him of his substantive due process

13   rights guaranteed by the Fourteenth Amendment (Compl. ¶ 45).  Plaintiff does not support the

14   contention with facts and does not mention it at all in his opposition to the motion to dismiss.

15   Moreover, where a particular Amendment provides an explicit source of constitutional

16   protection against a particular sort of government behavior, that Amendment is the guide for

17   analyzing such claims.  *Albright v. Oliver*, 510 U.S. 266, 274 (1994).  The Fourth Amendment

18   provides an explicit textual source of constitutional protection for pretrial deprivations of

19   liberty.  As such, the 1983 claims must be analyzed under the Fourth Amendment, not under the

20   Fourteenth Amendment as plaintiff states.  *Ibid.*  The Fourth Amendment's prohibition against

21   unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual

22   punishments, are the two primary sources of constitutional protection against physically abusive

23   governmental conduct.  *Graham*, 490 U.S. at 394.  Therefore, no viable substantive due process

24   claim exists here.

25        For the reasons above, plaintiff fails to state a valid Fourteenth Amendment claim

26   against defendant Sheriff Ahern.  The sixth claim for relief against Sheriff Ahern, claiming

27   violations of the Fourteenth Amendment on procedural and substantive due process grounds,

28   is therefore **DISMISSED**.

**CONCLUSION**

For the reasons listed herein, the petition for relief and request for substantial compliance are both **DENIED**. Additionally, defendants' motion to dismiss is **GRANTED**. Pursuant to Civ. L.R. 7-1(b), this order finds the motions suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for August 16. The case management conference set for August 16 remains in place. Plaintiff may seek leave to amend. Plaintiff's motion for leave to amend must be filed and served by **AUGUST 13** at **NOON**. A proposed amended complaint must be appended to the motion and plaintiff must plead his best case. Not only to the shortfalls expressly addressed in this order but also as to all other arguments raised in defendants' motions. Plaintiff shall come to the case management conference prepared to discuss any such amendments.

**IT IS SO ORDERED.**

Dated: August 1, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

12