IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO GUERRERO,

  Plaintiff,

v.

COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, THE SHERIFF OF THE ALAMEDA COUNTY SHERIFF'S DEPARTMENT, GREGORY J. AHERN, DEPUTY SHERIFF G. STEVENS; and DOES 1 through 10, Inclusive,

  Defendants.

               /

No. C 18-02379 WHA

**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND**

**INTRODUCTION**

In this excessive-force case, plaintiff moves for leave to amend the complaint. For the reasons herein, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

In August 2017, an airport traffic officer issued plaintiff Guillermo Guerrero a ticket for parking in a ten-minute loading zone while waiting to pick up his wife and son from the Oakland International Airport. After plaintiff complained to the traffic officer that he had not parked for more than ten minutes, the officer called over defendant Alameda County Deputy Sheriff G. Stevens. Deputy Stevens asked plaintiff for a "high-five," then grabbed and twisted plaintiff's right arm. As a result, plaintiff needed orthopedic surgery, physical therapy, and occupational therapy (Dkt. No. 36 ¶¶ 10–11).

Defendants Sheriff Gregory J. Ahern and the County of Alameda employed Deputy Stevens at the time of the incident. Plaintiff later received correspondence from the Internal Affairs division of the Sheriff's Department concluding that Deputy Stevens had in fact used excessive force against plaintiff. Moreover, shortly before the incident, Deputy Stevens had been placed on administrative leave for "a previous civil rights incident." Shortly after plaintiff initiated this lawsuit, Sheriff Ahern met with his subordinate supervisors and directed them to change their training practices because their current policy did not properly train deputies in the use of force. Over the last three years, the County of Alameda and Sheriff Ahern have received over forty-one excessive-force claims (*id.* ¶¶ 6, 12–15).

In April 2018, plaintiff initiated this action by filing a petition under Section 946.6 of the California Government Code, asking for relief from the statute of limitations governing claims brought under the Government Claims Act. A May 31 order treated the petition as an excessive force claim under Section 1983 of Title 42 of the United States Code and directed plaintiff to promptly serve the summons and a new complaint on all defendants. Defendants Sheriff Ahern and the County of Alameda subsequently moved to dismiss the claims against them. An August 1 order granted the motion to dismiss and gave plaintiff the opportunity to seek leave to amend. Plaintiff now moves for leave to amend and submits a proposed amended complaint (Dkt. Nos. 1, 11, 15, 30, 35). This order follows full briefing and oral argument.

**ANALYSIS**

FRCP 15(a)(2) advises, "The court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants argue that the undersigned should deny leave to amend solely on the ground that plaintiff's proposed amendments would be futile.

**1. STATE-LAW CLAIMS.**

The August 1 order dismissed plaintiff's state-law claims for battery, negligence, assault, and violation of Section 52.1 of the California Civil Code against the County and Sheriff Ahern in light of plaintiff's failure to substantially comply with the California Government Claims Act. Plaintiff's proposed amended complaint asserts these state-law claims against only Deputy Stevens. In opposing leave to amend, defendants erroneously argue that the August 1 order dismissed plaintiff's state claims against *all* defendants. Not so. Deputy Stevens had not yet appeared in this action at the time of the August 1 order and had not moved to dismiss the state-law claims asserted against him. While the reasoning contained in the August 1 order may very well apply to the claims asserted against Deputy Stevens, the undersigned declines to dismiss those claims absent a formal motion. In amending his state-law claims so that they are asserted only against Deputy Stevens, plaintiff has conformed the amended complaint to the August 1 dismissal order. Plaintiff's motion for leave to amend these claims is **GRANTED**.

**2. FEDERAL CLAIMS.**

To state a claim under Section 1983 of Title 42 of the United States Code, the complaint must show that a person acting under color of state law committed the conduct at issue and that the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). Although in order to state a claim a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S 544 (2007).

**A. Fourth Amendment Claim.**

The August 1 order dismissed plaintiff's Fourth Amendment claim against Sheriff Ahern because the facts alleged failed to demonstrate Sheriff Ahern's personal involvement in the excessive-force incident. The August 1 order concluded that although the complaint alleged

that Sheriff Ahern negligently or willfully employed Deputy Stevens, plaintiff had failed to allege a causal link between the purported negligent hiring of Deputy Stevens and the deprivation of plaintiff's Fourth Amendment rights. The proposed amended complaint fails to remedy this shortfall.

As previously explained, supervisor liability under Section 1983 exists when the supervisor was personally involved in the constitutional deprivation or there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The requisite causal connection can be established "by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207–08 (internal citations quotation marks, and brackets omitted). Here, plaintiff alleges that prior to the August 2017 incident Deputy Stevens had been placed on administrative leave and his personnel file reflected a history of civil rights violations. These allegations are insufficient to show that Sheriff Ahern knew of Deputy Stevens's prior civil rights violations and failed to act. In *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012), our court of appeals held that similarly high-level allegations regarding a supervisor's oversight responsibilities were insufficient to state a claim under a supervisor-liability theory. And unlike in *Starr*, where the complaint specifically alleged that the defendant-Sheriff received notice and reports of prior civil-rights incidents, plaintiff fails to allege that Sheriff Ahern personally knew of Deputy Stevens' prior conduct or that he had any direct responsibility to train or supervise Deputy Stevens. *Starr*, 652 F.3d at 1216. Plaintiff cites no authority in support of his argument that such allegations are sufficient to establish supervisory liability. Plaintiff's motion for leave to amend this claim against Sheriff Ahern is accordingly **DENIED**.

### B. Fourteenth Amendment Claims.

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV § 1. The amended complaint asserts three claims for relief for violations of plaintiff's Fourteenth Amendment

4

rights, which claims generally assert two theories of relief. *First*, plaintiff alleges that the August 2017 excessive-force incident deprived him of substantive and procedural due process. *Second*, plaintiff alleges defendants interfered with plaintiff's right to familial association. This order addresses each theory in turn.

### *(1) Due Process.*

The Supreme Court has held that allegations concerning excessive force in the course of making an arrest or other such seizure are properly analyzed under the Fourth Amendment and its "objective reasonableness" standard, not as a violation of due process under the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Because plaintiff's proposed eighth and ninth claims for relief under the Fourteenth Amendment are duplicative of his Fourth Amendment claim, leave to amend these claims is **DENIED**.

### *(2) Interference with Familial Association.*

Plaintiff's proposed amended complaint also asserts a Fourteenth Amendment claim against defendants for interference with plaintiff's right to familial association. "[T]he interest of parents in the care, custody, and control of their children — is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme Court.]" *Keates v. Koile*, 883 F.3d 1228, 1235–36 (9th Cir. 2018) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion)). Nevertheless, the proposed amended complaint's allegations — that plaintiff was "forced to attend numerous medical procedures" as a result of the his injuries and thereby was separated from his wife and child — are insufficient to state a claim for governmental intrusion or interference into plaintiff's familial relationship. Plaintiff alleges no facts to plausibly suggest that defendants "forced" him to attend medical treatment or that such medical treatment "forced" plaintiff's separation from his family. Plaintiff's motion for leave to assert his tenth claim for relief is **DENIED**.

### C. Eighth Amendment Claim.

Plaintiff's proposed claim under the Eighth Amendment fails because in evaluating excessive-force claims, "the less protective Eighth Amendment standard applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal

prosecutions.'" *Graham*, 490 U.S. at 398–99 (quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40 (1977)). Accordingly, "[w]here, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Id.* at 394. Plaintiff's motion for leave to assert this claim is **DENIED**.

### D. "Section 1983 Claim."

Plaintiff's proposed claim for an unspecified violation of Section 1983 is duplicative of his constitutional claims. Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Plaintiff's motion for leave to assert his eleventh claim for relief is accordingly **DENIED**.

### E. *Monell* Liability.

In his seventh claim for relief, plaintiff alleges that the County failed to adequately train its deputies regarding the use of force. "[I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The August 1 order found that plaintiff had failed to state a *Monell* municipal liability claim because the complaint merely stated in a conclusory manner that the County failed to adequately train, supervise, and control their officers in the use of force. Plaintiff fails to remedy this defect.

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted). In his proposed amended complaint, plaintiff alleges that over the past three years, over forty-one excessive-force cases have been instituted against the County. Moreover, plaintiff alleges, following the filing of the instant litigation, Sheriff Ahern held a meeting in which he acknowledged the inadequacy of the Sheriff Department's excessive force policy and directed subordinate supervisors to change their training practices. Neither allegation demonstrates deliberate indifference with respect to the

conduct at issue here — the use of force when a subject is cooperating and complying with a deputy's verbal commands. Many of the prior excessive-force incidents listed in the complaint have nothing to do with the conduct underlying plaintiff's claims. For example, plaintiff cites civil-rights claims brought against the County for placing individuals in over-crowded jail cells or claims brought by women who gave birth in jail without the assistance of a doctor. Moreover, plaintiff's allegations regarding changes in policy that occurred nearly a year after the excessive-force incident at issue fails to demonstrate the County's deliberate indifference in August 2017. Accordingly, because plaintiff has failed to remedy the *Monell* claim asserted in his proposed seventh claim for relief, plaintiff's motion for leave to amend this claim is **DENIED.**

Defendants do not oppose, however, plaintiff's request for leave to amend his sixth claim for relief, which claim alleges that the County's official policy, pattern, or practice caused the deprivation of plaintiff's rights. Because defendants do not oppose this claim, plaintiff's request for leave to amend this claim is **GRANTED**.

### F. Punitive Damages.

Finally, defendants oppose plaintiff's proposed amendments to the extent the complaint seeks punitive damages against the County. As defendants correctly point out, municipalities are immune from punitive damages under Section 1983. *Mitchel v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Plaintiff does not respond to this authority. Plaintiff's request for leave to seek punitive damages against the County is accordingly **DENIED**.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall file an amended complaint, making the changes allowed above but adding nothing more, by **OCTOBER 8 AT NOON**.

**IT IS SO ORDERED.**

Dated: September 28, 2018.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

7