IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO GUERRERO,

    Plaintiff,

v.

COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, THE SHERIFF OF THE ALAMEDA COUNTY SHERIFF'S DEPARTMENT, GREGORY J. AHERN, DEPUTY SHERIFF G. STEVENS; and DOES 1 through 10, Inclusive,

    Defendants.

No. C 18-02379 WHA

**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**INTRODUCTION**

In this excessive-force case, plaintiff filed a second amended complaint pursuant to an order granting leave to amend. Defendants now move to dismiss certain claims in the second amended complaint. For the reasons herein, plaintiff's motion is **DENIED**.

**STATEMENT**

In August 2017, an airport traffic officer issued plaintiff Guillermo Guerrero a ticket for parking in a ten-minute loading zone while waiting to pick up his wife and son from the Oakland International Airport. After plaintiff complained to the traffic officer that he had not

parked for more than ten minutes, the officer called over defendant Alameda County Deputy Sheriff G. Stevens. Deputy Stevens asked plaintiff for a "high-five," then grabbed and twisted plaintiff's right arm. As a result, plaintiff needed orthopedic surgery, physical therapy, and occupational therapy (Dkt. No. 53 ¶¶ 10–11).

In April 2018, plaintiff initiated this action by filing a petition under Section 946.6 of the California Government Code, asking for relief from the statute of limitations governing claims brought under the Government Claims Act. A May 31 order treated the petition as an excessive force claim under Section 1983 of Title 42 of the United States Code and directed plaintiff to promptly serve the summons and a new complaint on all defendants. Defendants Sheriff Ahern and the County of Alameda subsequently moved to dismiss the claims against them (Dkt. Nos. 1, 11, 15).

An August 1 order granted Sheriff Ahern's and the County's motion to dismiss and gave plaintiff the opportunity to seek leave to amend. In responding to plaintiff's motion for leave to amend, defendants opposed leave to amend plaintiff's *Monell* claim for the County's failure to train, but were silent as to plaintiff's *Monell* claim based on the County's official policy, pattern, or practice. A September 24 order accordingly requested that defendants file a supplemental brief clarifying its position. In response, defendants clarified that they did *not* oppose plaintiff's proposed claim for *Monell* liability based on the County's official policy, pattern, or practice. After a September 29 order granted in part plaintiff's motion for leave to amend, plaintiff filed the second amended complaint. The County and Deputy Stevens now move to dismiss certain claims alleged in the second amended complaint (Dkt. Nos. 30, 51, 53–54).

This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds the motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for December 13.

**ANALYSIS**

1. **STATE-LAW CLAIMS.**

The August 1 order dismissed plaintiff's state-law claims for battery, negligence,

assault, and violation of Section 52.1 of the California Civil Code against the County and Sheriff Ahern in light of plaintiff's failure to substantially comply with the California Government Claims Act. The operative complaint asserts these claims only against Deputy Stevens, who had yet to appear in this case at the time of the August 1 order. At the Court's invitation, Deputy Stevens now moves to dismiss the state-law claims asserted against him for the same reasons those claims were dismissed as to Sheriff Ahern and the County. Plaintiff does not oppose Deputy Steven's motion to dismiss these claims and it is accordingly **GRANTED**.

    **2.** *MONELL* **CLAIM.**

Plaintiff's sixth claim for relief asserts a *Monell* claim based on the theory that the County's official policy, pattern, or practice caused the deprivation of plaintiff's constitutional rights. After a request for clarification, defendants emphatically represented that they did not oppose plaintiff's request to include this claim in his second amended complaint. They cannot now raise the issue in a subsequent FRCP 12(b)(6) motion to dismiss. Defendants' motion to dismiss plaintiff's *Monell* claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The December 13 hearing is hereby **VACATED**. There shall be no further FRCP 12 motion practice.

**IT IS SO ORDERED.**

Dated: December 6, 2018.

    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE